**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

ABIGAIL M. LEGROW
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
TELEPHONE (302) 255-0669

April 11, 2019

John A. Sergovic, Jr., Esquire
Sergovic Carmean Weidman McCartney
& Owens, P.A.
406 South Bedford Street, Suite 1
P.O. Box 751
Georgetown, DE 19947

Triumph Mortgage Corp.
c/o Ralph V. Estep
508 Main Street
Wilmington, DE 19804[1]

> **RE:  Lawrence E. Mergenthaler v. Triumph Mortgage Corp.**
> **C.A. No. 09C-09-203 AML**

Dear Counsel,

On January 3, 2019, I issued an order and simultaneous letter decision granting Plaintiff's motion to compel responses to discovery (the "Motion to Compel") and awarding Plaintiff his attorneys' fees incurred in connection with that Motion to Compel. Thereafter, Defendant's counsel filed a timely Motion for Reargument. Plaintiff opposes that motion and, for the reasons that follow, the Motion for Reargument is denied.

---

[1] This address was provided by Triumph's former counsel as the address to which Triumph's mail should be sent.

## BACKGROUND

The parties' underlying dispute concerning the validity of a writ of attachment *fieri facias* (the "Challenged Writ") presently is on appeal to the Delaware Supreme Court.[2] Plaintiff is a judgment creditor with an unpaid judgment against Defendant. While litigation was proceeding regarding the validity of the Challenged Writ, Plaintiff served Defendant with discovery relating to executing on the judgment. That discovery is unrelated to the Challenged Writ. Plaintiff served the discovery by serving Defendant's counsel[3] in this action. Defendant did not respond to the discovery. When Plaintiff's counsel inquired about the status of Defendant's discovery responses, Defendant's counsel advised Plaintiff for the first time that Defendant's counsel did not represent Defendant for any purpose except contesting the validity of the Challenged Writ. Defendant's counsel later filed a "corrected" entry of appearance attempting to limit retroactively the scope of counsel's appearance in this action. On the basis of that corrected entry of appearance, Defendant argued the discovery never properly was served.

---

[2] In my January 3, 2019 letter, I explained why, in my view, the pending appeal does not divest this Court of the discretion to consider the Motion to Compel. Defendant does not challenge that holding in its Motion for Reargument. *See Mergenthaler v. Triumph Mortgage Corp.*, 2019 WL 117993 (Del. Super. Jan. 3, 2019).

[3] After filing the Motion for Reargument, Defendant's counsel filed a Motion to Withdraw as counsel and the Court granted that motion. The references in this decision to "Defendant's counsel" refer to counsel who represented Defendant at the time the discovery was served and the Motion to Compel was filed.

2

In my January 3, 2019 order and letter opinion, I concluded service was effective because Defendant's counsel entered his appearance relating to "this action" and never advised Plaintiff's counsel or the Court that the appearance only was for a limited purpose. Defendant now seeks to reargue the Court's holdings relating to whether service was effective and whether Plaintiff was entitled to an attorneys' fee award.

## ANALYSIS

Defendant argues the Court erred in its conclusion that service of the discovery was effective because the Court's decision "overlooked well settled precedent that establishes '[t]he Superior Court rules have abolished the distinction between general and special appearance.'"[4] Defendant argues "only one type of appearance is allowed" under the Superior Court rules, the entry of appearance therefore was not dispositive of the scope of representation, and Defendant's counsel's conduct in these proceedings, coupled with the "corrected" entry of appearance, clarified any confusion regarding the scope of Defendant's counsel's representation. Defendant also argues the Court had discretion under Superior Court Civil Rule 37(a)(4)(A) to decide whether to award fees when a motion to compel is granted. Defendant appears to contend, vaguely, that the Court erred in exercising its discretion in favor of awarding fees.

---

[4] Mot. for Reargument ¶ 3.

Defendant's motion does not meet the standard for reargument both because it presents new arguments not previously raised and because it fails to cite controlling precedent overlooked by the Court. A motion for reargument will be granted if the Court has "overlooked a controlling precedent or legal principles, or [ ] misapprehended the law or facts such as would have changed the outcome of the underlying decision."[5] A movant neither may present new arguments nor rehash those already presented.[6] The movant "has the burden of demonstrating newly discovered evidence, a change in the law or manifest injustice."[7]

First, Defendant's Motion for Reargument fails because it presents new arguments that never were presented to the Court. In response to Plaintiff's Motion to Compel, Defendant filed the "corrected" entry of appearance and a letter arguing to the Court that Defendant never properly was served with the discovery. Defendant did not otherwise oppose the Motion to Compel and therefore has waived any new argument, including that attorneys' fees should not have been awarded.

Second, Defendant's Motion for Reargument does not cite any legal principles or facts the Court overlooked or misapprehended. As to the attorneys' fees, Rule 37(a)(4)(A) directs that the Court "shall" require a party whose conduct

---

[5] *Radius Servs., LLC v. Jack Corrozi Const., Inc.*, 2010 WL 703051, at *1 (Del. Super. Feb. 26, 2010).

[6] *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. July 31, 2008).

[7] *Id.* (quoting *State v. Brooks*, 2008 WL 435085, at *1 (Del. Super. Feb. 12, 2008)).

4

necessitated a motion to pay the attorneys' fees incurred in obtaining the order *unless* the Court finds that (i) the opposition to the motion was "substantially justified," or (ii) other circumstances make the award unjust. Given Defendant's complete disregard of the discovery and the Motion to Compel, despite being served with both, the Court saw no "substantial justification" or other circumstances making the attorneys' fee award unjust.

As to the Court's conclusion that Defendant's counsel entered his appearance without restriction and service of the discovery on Defendant's counsel therefore constituted effective service, the Court similarly did not misapprehend applicable law. Defendant relies on the elimination of the distinction between general and special appearances in Rule 5. As the case law makes clear, however, that rule was changed to eliminate prior practice under which "a special appearance to attack [service of] process constituted a protest against the exercise of jurisdiction over the person or property[, while a] general appearance constituted a voluntary submission to that jurisdiction."[8] As the Delaware Supreme Court explained, "[t]he two kinds of appearance served as a method of establishing the status of a defendant before the court, that is, whether or not he had submitted to personal jurisdiction."[9] In other words, the revision to Rule 5 eliminated the need to contest personal jurisdiction by entering a special appearance. The revision does

---

[8] *Canaday v. Superior Court in and for New Castle County*, 119 A.2d 347, 351 (Del. 1955).
[9] *Id.*

5

not, however, mean that an attorney may enter an appearance in an action, remain silent regarding the scope of that appearance, and later argue that service of pleadings in the action made upon the attorney was not effective service. If Defendant's counsel intended to limit the scope of his appearance, he had an obligation to inform Plaintiff's counsel of that fact from the outset of counsel's involvement in this action. Having failed to do so, Plaintiff was entitled (and indeed required) to serve Defendant through Defendant's counsel, and that service was effective service under the rules.

For the foregoing reasons, Defendant's Motion for Reargument is **DENIED**. **IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary

cc: Richard Abbott, Esq. (via First Class Mail)